IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHERMAN L. SHELTON, JR.,

    Petitioner,

v.                                Civil Action No. 3:15CV533

COMMONWEALTH OF VIRGINIA,

    Respondent.

**MEMORANDUM OPINION**

Petitioner, Sherman L. Shelton, Jr., a Virginia inmate proceeding pro se, filed this action which he titled, "MOTION TO VACATE, SET ASIDE, AND DECLARE NULL AND VOID, THE JUDGMENT OF CONVICTION THAT IS VOID AB INITIO. 'INDEPENDENT ACTION'" (hereinafter, "Motion to Vacate."). The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As explained below, the Motion to

---

[1] According to Rule 4 of the Rules Governing Section 2254 cases:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing § 2254 Cases in U.S. District Courts, Rule 4.

Vacate will be dismissed because it is a successive, unauthorized § 2254 petition.

Shelton was convicted in the Circuit Court for the County of Spotsylvania for robbery and threatening to burn or bomb a building. <u>Shelton v. Dir. of Virginia Dep't of Corr.</u>, No. 3:08CV70, 2008 WL 4361051, at *1 (E.D. Va. Sept. 24, 2008). On September 24, 2008, this Court denied a § 2254 petition filed by Shelton challenging the above convictions. <u>Id.</u> at *1, *7. In his present Motion to Vacate, Shelton once again attempts to challenge his Spotsylvania convictions, this time invoking the Court's jurisdiction under Federal Rule of Civil Procedure 60(b) & (d). (Mot. Vacate 2.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

2

The United States Court of Appeals for the Fourth Circuit has held "that district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003) (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

<u>Id.</u> at 207 (citations omitted). Here, Shelton's Motion to Vacate raises challenges to his Spotsylvania convictions, rather than any defects in his federal habeas proceedings. Shelton argues that numerous errors occurred during his state trial. See <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530-32 (2005) (construing

3

a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion).[2] Accordingly, the Court must treat the Motion to Vacate as successive § 2254 petition. United States v. Merica, Nos. 5:04CR00015, 5:11CV80375, 2011 WL 6325881, at *1 (W.D. Va. Dec. 16, 2011) (treating independent action under Fed. R. Civ. P. 60(d) as a successive § 2255 motion). The Court has not received authorization from the Fourth Circuit to file the present § 2254 petition. Therefore, the action will be dismissed for want of jurisdiction. The Court denies a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: October 5, 2016
Richmond, Virginia